_____FILED _____ENTERED
_____LODGED_____RECEIVED

NOV 10 2008  **DJ**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                            DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MOHAMMED SABBAGHI | Civil No. **CV8 1641**|
| **PETITIONER/PLAINTIFF,** | Agency Case No.: #A073 217 257 |
| v. | **PETITION FOR REVIEW OF FINAL NATURALIZATION DENIAL** |
| **MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, and **JULIA HARRISON** Seattle Field Office Director, U.S. Citizenship and Immigration Services (USCIS). | |
| **RESPONDENTS/DEFENDANTS.** | 08-CV-01641-PET |

COMES NOW Petitioner, Mohammad Sabbaghi #A073 217 257, by and through his counsel, seeks *de novo* judicial review (court making its own findings of fact and conclusions of law), pursuant to 8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) of a final naturalization denial of September 25, 2008. (Exhibit A). Mr. Sabbaghi has previously sought this Court' intervention on this same naturalization application pursuant to 8 U.S.C. § 1447(b) in *Sabbaghi v. Chertoff*, C08-0610RSL (Joint Stipulation and Order to Dismiss Complaint Signed 09/29/2008), and *Sabbaghi v. Gonzales*, 06-0246RSL (Joint Stipulation for Voluntary Dismissal and Remand to USCIS for Adjudication Signed 06/21/2007).

| | |
|---|---|
| PETITION FOR REVIEW OF FINAL NATURALIZATION DENIAL<br>Page 1 of 3 | LAW OFFICES OF BART KLEIN<br>605 1st Avenue South, Suite 500<br>Seattle, WA 98104<br>Phone: (206) 624-3787/624-6371(fax)<br>bart.klein@bartklein.com |

## Subject Matter Jurisdiction

1. Jurisdiction in this Court is also based upon Section 5 USC Chapter 7 pursuant to 8 CFR 336.9.706(1), 8 USC 1147(b), and 28 USC 1331 and 1361.

2. The judicial review enabling regulation 8 CFR 336.9(b) has an *ulta vires* requirement that the Petition for Review be filed within 120 days and these Petitions are being filed within such 120 days.

## Venue

3. Venue lies in the Western District of Washington, the judicial district where petitioner resides.

## Parties

4. Petitioner is and have been a resident of King County, and is a US Lawful Permanent Resident.

5. Mr. Michael Chertoff, Secretary, Department of Homeland Security, is responsible for the implementation of the immigration laws and it his delegation of authority to administer the immigration laws to the U.S. Citizenship and Immigration Services (USCIS) that permits USCIS officials to act under color of authority of the United States.

6. Respondent, Julia Harrison, is the duly appointed Field Office Director of the Seattle, Washington office of the U.S. Citizenship and Immigration Services, and she is being sued in her official capacity. In this capacity Ms. Harrison has jurisdiction over naturalization benefits and petitioners' application

## Facts

7. The USCIS failed to follow its own regulations, procedurally and on the merits, in denying this naturalization application.

## Exhaustion

8.. The Petitioner has exhausted administrative remedies and procedure .

LAW OFFICES OF BART KLEIN
605 1st Avenue South, Suite 500
Seattle, WA 98104
Phone: (206) 624-3787/624-6371(fax)
bart.klein@bartklein.com

## Cause of Action

9. 8 U.S.C. § 1421(c); 8 C.F.R. §310(b) & 336.9(a)-(d) allows *de novo* judicial review (court making its own findings of fact and conclusions of law of a final naturalization denial.) of a final naturalization determination. In adjudication and processing of such naturalization applications, the Court can also invoke jurisdiction under 8 USC 1447(b) and 28 USC 1331 and 1361.

10. Petitioners have not previously applied for a petition for review.

## Prayer for Relief

WHEREFORE, petitioner requests that this Court:

(a) Assume jurisdiction over this matter;

(b) Determine Petitioners' application for naturalization

(c) Award Petitioners reasonable costs and attorney's fees; and

(d) Grant such further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of October, 2008.

LAW OFFICES OF BART KLEIN
Bart Klein
Attorney for Petitioner, WSBA #10909

## VERIFICATION

Bart Klein, the attorney for the Petitioner, under penalty of perjury, hereby verify that the statements made in the above Petition are true and correct to the best of his knowledge.

Dated this 3rd day of October, 2008.

_____
BART KLEIN

PETITION FOR REVIEW OF FINAL
NATURALIZATION DENIAL
Page 3 of 3

LAW OFFICES OF BART KLEIN
605 1st Avenue South, Suite 500
Seattle, WA 98104
Phone: (206) 624-3787/624-6371(fax)
bart.klein@bartklein.com

U.S. Department of Homeland Security
12500 Tukwila International Blvd.
Seattle, WA 98168



**U.S. Citizenship and Immigration Services**

Date: September 25, 2008

Mohammad Sabbaghi
c/o Law Offices of Bart Klein
605 1st Avenue South, Suite 500
Seattle, WA 98104

Refer to this file: LIN*000640844
Alien Number: A073 217 257

## NOTICE OF ACTION

Dear Mr.Sabbaghi,

Reference is made to the Form N-336 (Request for Hearing on a Decision Naturalization Proceedings Under Section 336 of the Act) that you filed on July 26, 2007. The record reflects that you filed this form in response to the denial of your application for naturalization.

You filed an Application for Naturalization on March 10, 2004. You were interviewed under oath regarding your application before an officer of the Citizenship and Immigration Services on October 21, 2004, and your case was continued because your background checks were pending. USCIS determined that another interview was required to update the record and resolve issues and discrepancies between your previous testimony and the record. You were placed under oath to state the truth regarding your application before a USCIS officer on March 14, 2007, and the interview was audio-videotaped. It was determined that you made willful misrepresentations on your application and during your interview with USCIS with respect to your interaction with law enforcement on several occasions, the corporation that you own, and the protection order for unlawful harassment filed against you. Your Application for Naturalization was denied on July 19, 2007 because you were found to lack good moral character.

### APPLICABLE LAW

Section 316 (a) of the Immigration and Nationality Act (Act) provides that:

> No person, except as otherwise provided in this title, shall be naturalized, unless such applicant,...(3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

Section 101(f) of the Act states in part:

> For the purposes of this Act – No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was...(6) one who has given false testimony for the purpose of obtaining any benefits under this Act.

Exh A page 1 of 8

Title 8, Code of Federal Regulations, Section 316.10(a) states:

> *(b) Burden of Proof.* The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization...

Title 8, Code of Federal Regulations, Section 316.10(a) states:

> *Requirement of good moral character during the statutory period.* (1) An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance. (2) In accordance with Section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence.

Title 8, Code of Federal Regulations, Section 316.10(b) states:

> *Finding of a lack of good moral character...*(2) An applicant shall be found to lack good moral character if during the statutory period the applicant: ...(vi) Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit;

Title 8, Code of Federal Regulations, Section 316.2(a) states:

> *General.* Except as otherwise provided in this chapter, to be eligible or naturalization, an alien must establish that he or she: (7) For all relevant time periods under this paragraph, has been and continues to be a person of good moral character, attached to the principles of the Constitution of the United States, and favorably disposed toward the good order and happiness of the United States;

Title 8, Code of Federal Regulations, Section 316.11 states:

> (a) *General.* An applicant for naturalization must establish that during the statutorily prescribed period, he or she has been and continues to be attached to the principles of the Constitution of the United States and favorably disposed toward the good order and happiness of the United States. Attachment implies a depth of conviction which would lead to active support of the Constitution. Attachment and favorable disposition relate to mental attitude, and contemplate the exclusion from citizenship of applicants who are hostile to the basic form of government of the United States, or who disbelieve in the principles of the Constitution.
>
> *(b) Advocacy of peaceful change.* At a minimum, the applicant shall satisfy the general standard of paragraph (a) of this section by demonstrating an acceptance of the democratic, representational process established by the Constitution, a willingness to obey the laws which may result from that process, and an understanding of the means for change which are prescribed by the Constitution.

Title 8, Code of Federal Regulations, Section 337.1 states:

> (a) *Form of oath.* Except as otherwise provided in the Act and after receiving notice from the district director that such applicant is eligible for naturalization pursuant to Section 335.3 of this chapter, an applicant for naturalization shall, before being admitted to citizenship, take in a public ceremony held

within the United States the following oath of allegiance, to copy of which the applicant shall affix his or her signature:

I hereby declare, on oath, that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution of the United States of America against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I will bear arms on behalf of the United States when required by the law; that I will perform noncombatant service in the Armed Forces of the United States when required by the law; that I will perform work of national importance under civilian direction when required by the law; and that I take this obligation freely, without any mental reservation or purpose of evasion; so help me God.

Title 8, Code of Federal Regulations, Section 335.7 states:

An applicant for naturalization who has appeared for the examination on his or her application as provided in Section 335.2 shall be considered as failing to prosecute such application if he or she, without good cause being shown, either failed to excuse an absence from a subsequently required appearance, or fails to provide within a reasonable period of time such documents, information, or testimony deemed by the Service to be necessary to establish his or her eligibility for naturalization. The Service shall deliver notice of all such requests for appearance or supporting evidence, in writing, to the applicant either in person or to the applicant's last known address. In the event that the applicant fails to respond within 30 days of the date of notification, the Service shall adjudicate the application on the merits pursuant to Section 336.1 of this chapter.

## DISCUSSION OF FACTS

You were interviewed under oath by an Officer of the USCIS Seattle Field Office on October 21, 2004. At the conclusion of the interview, you signed the attestation on the N-400 certifying under penalty of perjury under the laws of the United States of America that you knew that the contents of this application for naturalization "are true to the best of my knowledge and belief."

On March 14, 2007, you appeared for another interview at the USCIS Seattle Field Office. The interview was audio-videotaped, and according to standard procedure, the officer placed you under oath prior to the interview. During the interview, you were afforded an opportunity to update or make any changes to your N-400, and to resolve any issues remaining from the initial interview. At the conclusion of the interview, you signed the attestation on the N-400 certifying under penalty of perjury under the laws of the United States of America that you knew that the contents of this application for naturalization, including corrections numbered 1 through 30 and the evidence submitted "are true to the best of my knowledge and belief."

On July 26, 2007, you filed form N-336 on the basis that being stopped and questioned by Customs did not constitute a detainment. You also claimed that you did not consider Mohanna LLC a business because it was set up as a shell corporation, and you were not required to file federal income taxes. In addition, you stated that you were never arrested for any criminal ground, and that the civil dispute you were involved in did not have to be disclosed to the Service.

You were scheduled for an appeal hearing on May 5, 2008. On April 17, 2008, you were issued a request for evidence, and asked to bring the following evidence to the hearing:

- Completed copies of your federal tax returns, both personal and business, for tax years 2006 and 2007.

Ex A page 3 of 8

- A written statement explaining why you stated during your interview on March 14, 2007 that you have never owned any business or company.

- The deed to the property mentioned in the letter written by Brian T. Comfort on March 2, 2006.

- A written explanation of your reasons for setting up Mohanna, LLC.

- Official documents regarding Mohanna, LLC, including incorporation documents, bank statements, evidence of earning, assets and liabilities, including all properties, and an explanation regarding the $21,875 in the Wells Fargo Bank.

- Official evidence from the IRS indicating whether or not you are required to file personal or business taxes for Mohanna, LLC.

- A written statement explaining why you stated during your interview on March 14, 2007 that you have never been charged with or convicted of any crime or offense.

- Certified copies of all court documents pertaining to the case number 05-2-10559-3 KNT, Unlawful Harassment, including, but not limited to the charging documents, the complaint, your pleadings, and the final disposition.

- Certified copies of all court dispositions for either civil, criminal or traffic cases that you have been a party to.

During your appeal hearing on May 5, 2008, were placed under oath, and the interview was audio-videotaped. You were asked questions regarding your application as well as your previous interviews to determine your eligibility for naturalization. During the interview, you submitted most of the requested evidence, but failed to submit the deed to the property mentioned in the letter written by Brian T. Comfort on March 2, 2006, official evidence from the IRS indicating whether or not you are required to file personal or business taxes for Mohanna, LLC, and certified copies of all court documents pertaining to the case number 05-2-10559-3 KNT, Unlawful Harassment. At the conclusion of the interview, you reviewed the Record of Sworn Statement, initialed all 22 pages, and signed under penalty of perjury under the laws of the United States of America "that the foregoing is true and correct."

**EVIDENCE OF LACK OF GOOD MORAL CHARACTER**

The N-400 at Part 10, Section D, question 16 asks, "Have you ever been arrested, cited, or detained by any law enforcement officer (including INS and military officers) for any reason?" Your written response to this question was "no" on your Application for Naturalization. During your interview on October 21, 2004, you also answered "no." You were asked during the interview on March 14, 2007, "Have you ever been contacted or interviewed by any law enforcement officer for any reason?" You answered "no." You were then asked, "Have you ever been stopped and questioned by any law enforcement officer, including immigration or customs officials, for any reason? You answered "no." Your attorney interrupted the proceedings and told the interviewing officer that the answer was "yes" and told you that you should have said "yes" because you had been picked up twice by Immigration at your place of employment, Russo Nursery, and were released when you verified your legal status. You failed to disclose information regarding your interaction with law enforcement officers, and only admitted to it after being told to do so by your attorney.

You were asked during the interview on March 14, 2007 if Russo Gardens is your only source of income. You said, "yes." When asked, "Have you ever owned any business or company?" You answered, "no." When asked, "Have you or a family member ever run any type of business out of your home?" You again answered "no." However, your attorney again interjected that your wife is an independent contractor and that

ExhA page 4 of 8

she set up an "S" corporation for tax purposes. You then stated that the name of her corporation is Anna Maria Giustozzi MD PS and that she set up the corporation for tax purposes. The federal tax returns that you submitted indicate that you claim her income as income from an S Corporation. You stated that that was the only business that you or your wife owned.

Public source records available through commercial databases show that you have a corporation called Mohanna, LLC, which you incorporated on June 27, 2005. The records show that you are the registered agent and that your home address is the address of the corporation. Further, you submitted a bank statement that shows you own a business account at Wells Fargo under the name Mohanna, LLC, with a balance of $21,875. The statement does not show when you opened the account.

You failed to mention this corporation during the March 14, 2007 interview, and your 2005 tax returns do not show that you listed this corporation. This failure to discuss the existence of Mohanna, LLC tends to cut off a line of inquiry that is relevant to a determination regarding your moral character and, therefore, your eligibility for naturalization. Incorporating a business involves a number of financial and legal obligations, including the reporting of income and payment of taxes. Your income tax returns for tax year 2005 do not list any income, loss, or other information regarding Mohanna, LLC. It is noted that you were specifically requested to provide both personal and business tax returns. You failed to do so.

During your hearing on May 5, 2008, you were asked why you did not admit during your interview on March 14, 2007 that you owned Mohanna, LLC. You stated that you do not consider it a business, and indicated that your attorney told you it was not a business. It was a shell company set up to protect your house, and is not generating any income. However, according to a letter written by your attorney, Brian T. Comfort on March 2, 2006, his file did not reflect that your real estate property was ever transferred into the LLC. You did not submit any evidence to USCIS showing that your property was formally transferred into the LLC.

You submitted federal tax returns for 2006 and 2007, however, you did not list any information about Mohanna, LLC on the tax documents. According to the Certificate of Formation for Mohanna, LLC, you and your spouse, Anna M. Giustozzi, are listed as members or managers of the LLC. According to IRS Publication 3402 (Rev. 3-2008), "most LLCs with more than one member file a partnership return, Form 1065." You submitted copies of taxes for 2003 – 2007, but did not file Form 1065 for any of the tax years since Mohanna, LLC was incorporated in 2005. You were asked why you did not submit official evidence from the IRS indicating whether or not you are required to file taxes for Mohanna, LLC. You stated that the IRS does not release specific documents indicating that you don't have to report your business, however, you did not provide any evidence to substantiate your claim.

Failure to pay income tax or failure to report income on your tax returns has been found to be evidence of lack of good moral character. *Matter of Locicero*, 11I&N Dec. 805 (BIA 1966). USCIS is not precluded from finding lack of good moral character even when the Internal Revenue Service has not prosecuted the taxpayer for tax evasion. *Id.* The burden lies with you, as the applicant, to demonstrate that you possess requisite good moral character. The burden does not lie with USCIS to demonstrate that you lack good moral character.

You have not overcome the failure to disclose your business during your N-400 interview. You continue to insist that Mohanna, LLC is not a business but a shell company. You are the registered agent and Mohanna is incorporated as a domestic for profit business. You obtained assistance from an attorney to establish the company. You indicated that it was established to protect your property, but did not submit the deed to the property that Mohanna, LLC was supposedly set up to protect, as requested on April 17, 2008. In addition, you failed to provide evidence that your real estate was transferred into Mohanna, LLC. You stated during your interview on May 5, 2008 that Mohanna, LLC has an account that is only used for Miram's college fund. You submitted bank statements from Wells Fargo showing several withdrawals of several thousand dollars, but did not provide evidence of what the money was used for, or evidence of where the money came from.

L.L.C. is the standard abbreviation for a Limited Liability Company. A company is considered a business entity. According to the Washington Secretary of State Corporations Division, "The Limited Liability Company (LLC) and the Limited Liability Partnership (LLP) are the newest forms of business structure in Washington. An LLC or LLP is formed by one or more individuals or entities through a special written agreement. The agreement details the organization of the LLC or LLP, including: provisions for management, assignability of interests, and distribution of profits or losses. Limited liability companies and limited liability partnerships are permitted to engage in any lawful, for profit business or activity other than banking or insurance." Whether or not your intent was to have your LLC make a profit does not mitigate the fact that it is a registered for profit business entity with the state of Washington, which you established through a legal process.

Your failure to discuss your business and your tax obligation is material in that such issues go directly to a determination as to whether you are a person of good moral character. Your failure to discuss these issues despite being given opportunities to do so indicates that you willfully chose not to disclose them. Thus, USCIS finds that you have made misrepresentations for the purpose of obtaining an immigration benefit.

You were asked during the March 14, 2007 interview, "Other than the lawsuit you filed against USCIS, have you ever been part of any other criminal or civil lawsuit? You said, "no." Your attorney then reminded you that you had been part of a legal action and offered a copy of the Reissuance of Temporary Order for Protection and Notice of Hearing, case number 05-2-10559-3 KNT. The document shows that Dr. Alfred Aflatooni petitioned for the order against you. When asked what the protection order was about, you stated that you and your wife wanted to own 51% of the clinic where she worked as a doctor. The document you submitted is dated April 11, 2005 and shows that the Temporary Order for Protection issued by the Superior Court of Washington for King County on March 31, 2005 was extended through the next hearing on May 14, 2005. You failed to submit the final disposition for the case as requested in the request for evidence issued on March 1, 2007. Furthermore, when asked how the dispute was solved or ended, you stated that your wife simply quit working at the clinic.

Subsequent to the March 14, 2007 interview, USCIS obtained court records that show that the cause of court case number 05-2-10559-3 KNT filed by Dr. Aflatooni against you was unlawful harassment. Further, on April 11, 2005, the court found that you had committed unlawful harassment and ordered that you were not to keep the petitioner, his clinics, or any of his employees, except your wife when not at the clinic, under surveillance. You were ordered not to contact Dr. Aflatooni or any employees other than your wife, and you were not to be within 1000 feet of Dr. Aflatooni's residence or clinics. Further, the court informed USCIS that on May 14, 2005, a full restraining order was issued after a hearing in which both you and Dr. Aflatooni were present.

The N-400 at Part 10, Section D, question 15 asks, "Have you ever committed a crime or offense for which you were not arrested?" Your written response to the question was "no" on your application, and you testified "no" under oath during your naturalization interviews on October 21, 2004 and March 14, 2007. However, the record reflects that on March 31, 2005, a Temporary Protection Order was issued against you by the Superior Court of Washington, King County. On April 11, 2005, the court found that you had committed "Unlawful Harassment" and ordered that you stay away from Dr. Aflatooni. On May 14, 2005, a full restraining order was issued against you for "Unlawful Harassment."

During your appeal hearing on May 5, 2008, you were asked why you stated during your interviews on October 21, 2004 and March 14, 2007 that you were never charged with or convicted of any crime or offense. You stated that you didn't consider it an issue at all. It was a business dispute concerning your wife and a former employer. You stated that a person came to your house one night and served you with a notice to appear in court. You went to court one time, and had a restraining order placed against you. You submitted a copy of the Order for Protection issued by the Superior Court of Washington for King County on May 11, 2005. You did not submit evidence that you complied with the terms of the order. You did not admit that

Exh A page 6 of 8

you were found to have committed Unlawful Harassment, nor did you submit the court documents relating to that decision.

At the conclusion of the interview on May 5, 2008, you were requested to submit certified copies of all court documents pertaining to the case number 05-2-10559-3 KNT, Unlawful Harassment, including, but not limited to the charging documents, the complaint, your pleadings, and the final disposition. You submitted copies of documents that you either previously submitted or that USCIS obtained from the court subsequent to your March 14, 2007 interview. You submitted a copy of a Reissuance of Temporary Order for Protection and Notice of Hearing which you previously submitted on March 14, 2007, a copy of the Order for Protection which you previously submitted on May 5, 2008, the Petition for an Order for Protection – Harassment, which the Service obtained from the court subsequent to your March 14, 2007 interview, the Temporary Protection Order and Notice of Hearing, which the Service obtained from the court subsequent to your March 14, 2007 interview, indicating that the court found that you committed unlawful harassment, and the Satisfaction of Judgment, dated May 18, 2005, stating that you paid $863 for attorney's fees. You did not submit evidence that you complied with the terms of the order for protection.

USCIS finds that you have not overcome the fact that you provided false testimony regarding the origin of the restraining order and disposition of the temporary restraining order that was filed against you on March 31, 2005. You kept insisting that you were involved in a business dispute, and failed to admit that you were found to have committed unlawful harassment.

## LACK OF ATTACHMENT TO THE CONSTITUTION

During your hearing on May 5, 2008, you were asked, "If the law requires it, would you bear arms against Iran?" You answered "no." Your attorney then informed you that you had to say yes in order to naturalize. You hesitated, then finally answered "yes." You were also asked, "If the law requires it, would you bear arms against fellow members of your religion?" You hesitated again. Your attorney told you that you had to say yes in order to naturalize. You then answered "yes." You were also asked, "If the law requires it, would you be willing to perform non combatant services in the United States Armed Forces against Iran?" and "If the law requires it, would you be willing to perform not combatant services in the United States Armed Forces against members of your religion?" You took a lot of time to answer all four questions. You took off your glasses, leaned into the wall, and curled up. You initially answered "no" to the first question, then started answering "yes" when prompted by your attorney. You did not initially answer "yes" and only did so because your attorney kept instructing you that it was required for naturalization. According to 8 CFR, Section 316.11, "Attachment implies a depth of conviction which would lead to active support of the Constitution." You have not shown that genuine depth of conviction. USCIS concludes that you have not sincerely demonstrated your willingness to obey the laws, which result from the democratic process, and have failed to show your attachment to the principles of the Constitution and form of government of the United States.

## CONCLUSION

It is your burden by a preponderance of the evidence to demonstrate that you are a person of good moral character, attached to the principles of the Constitution of the United States, well disposed to the good order and happiness of the United States, and otherwise eligible for the benefit of naturalization. You are responsible for the contents of the N-400 you signed and submitted under penalty of perjury. It is evident that you have made willful misrepresentations on your application and during your interviews with USCIS with respect to your interaction with law enforcement, your own corporation, and the protection order for unlawful harassment filed against you. Considering that you stated during your testimony that you are highly educated with two teaching degrees and a Masters Degree, USCIS concludes that you fully understood the questions.

In your testimony, you misrepresented facts relevant to your moral character. False testimony under oath for the purpose of obtaining an immigration benefit constitutes a bar to a finding of good moral character. See Title 8, Code of Federal Regulations, Section 316.10(b)(2)(vi). This is true even if the testimony is not material. Id.; *see Kungys v. United States*, 485 U.S. 759 (1988). In addition to being a mandatory bar to naturalization, your misstatements under oath undermine your credibility in establishing good moral character as required for naturalization. You have been given the opportunity during your interviews to present facts truthfully and completely to USCIS. However, you have continued to misrepresent facts concerning your contact with law enforcement officers, your company, and the civil lawsuit filed against you. Therefore, your misstatements cast doubt on the veracity of your testimony as a whole.

Naturalization may only be granted in strict compliance with the statutory requirements imposed by Congress. "No alien has the slightest right to naturalization unless all statutory requirements are complied with." *United States v. Ginsburg*, 243 U.S. 472, 475 (1917); *see also Federenko v U.S.*, 449 U.S. 490, 506 (1981). An applicant for naturalization bears the burden of demonstrating that he or she has been and continues to be a person of good moral character on a case-by-case basis, and USCIS may take into consideration the applicant's conduct and acts at any time.

USCIS concludes that you have not overcome the reasons for the denial of your naturalization application. You have not met the burden of establishing good moral character during the statutory period as required by Section 316 of the Act. In addition, you and have failed to show a sincere attachment to the principles of the Constitution and form of government of the United States as required by Section 316 of the Act. It is the decision of the Service that your appeal be dismissed without prejudice.

There is no appeal to this decision, however 8 CFR 336.9 provides procedures for requesting a judicial review of final determinations on applications for naturalization. 8 CFR 336.9(b) states in pertinent part:

> Under these procedures an applicant shall file a petition for review in the United States District Court having jurisdiction over his or her place of residence, in accordance with chapter 7 of title 5, United States Code, within a period of not more than 120 days after the Service's final determination.

Sincerely,

Julia L. Harrison
Field Office Director