The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMED SABBAGHI,<br><br>Petitioner,<br><br>v.<br><br>JANET A. NAPOLITANO,[1] Secretary, United States Department of Homeland Security, and KEITH M. BROWN,[2] Seattle Field Office Interim Director, United States Citizenship and Immigration Services.<br><br>Respondents. | No. C08-01641-PET<br><br>RESPONDENTS' ANSWER TO PETITIONER'S PETITION FOR REVIEW OF FINAL NATURALIZATION DENIAL |

COMES NOW Respondents, Janet A. Napolitano, Secretary, United States Department of Homeland Security, and Keith M. Brown, Seattle Field Office Interim Director, United States Citizenship and Immigration Services (hereinafter collectively referred to as "Respondents"), hereby answers Petitioner Mohammed Sabbaghi's ("Sabbaghi") Petition for Review of Final Naturalization Denial. By answering this Complaint, Respondents do not submit to the jurisdiction of this Court and specifically deny that the Court has jurisdiction to review the denial of Sabbaghi's application for naturalization.

---

[1] In accordance with Fed. R. Civ. P. 25(d)(1), Janet Napolitano is hereby substituted for Michael Chertoff as a Defendant in this Case.

[2] In accordance with Fed. R. Civ. P. 25(d)(1), Keith M. Brown is hereby substituted for Julia Harrison as a Defendant in this Case.

## SUBJECT MATTER JURISDICTION

1. Answering the allegations in paragraph one, RESPONDENTS deny that this Court has subject matter jurisdiction over this action pursuant to 8 U.S.C. § 1147(b) [sic], 28 U.S.C. § 1361, and 5 U.S.C. Chapter 7 pursuant to 8 C.F.R. 336.9.706(1) [sic]. RESPONDENTS deny that 28 U.S.C. § 1331, alone, without a separate statutory waiver of sovereign immunity (which Sabbaghi does not allege), is sufficient to establish jurisdiction.

2. Answering the allegations in paragraph two, RESPONDENTS state that paragraph two comprises Sabbaghi's characterization of this action and conclusions of law for which no admission or denial is required. Insofar as a response may be deemed necessary, RESPONDENTS deny generally and specifically the allegations of paragraph two.

## VENUE

3. Answering the allegations in paragraph three, RESPONDENTS lack sufficient information or knowledge to form a belief as to the truth of the matters asserted therein, and on that basis deny the remaining allegations of paragraph three.

## PARTIES

4. Answering the allegations in paragraph four, RESPONDENTS admit that Sabbaghi is a Lawful Permanent Resident of the United States of America, who has, at least in the past, been a resident of King County. To the extent any further response is required, RESPONDENTS, and on that basis deny the remaining allegations of paragraph four.

5. Answering the allegations in paragraph five, RESPONDENTS admit that Janet A. Napolitano is the Secretary of the United States Department of Homeland Security and that she is responsible for the implementation of immigration laws and the delegation of authority to administer immigration laws to the United States Citizenship and Immigration Service. To the extent any further response is required, RESPONDENTS state that paragraph five comprises Sabbaghi's characterization of this

action and conclusions of law for which no admission or denial is required. Insofar as a response may be deemed necessary, RESPONDENTS deny generally and specifically the allegations of paragraph five.

6. Answering the allegations in paragraph six, RESPONDENTS admit that

a. Keith M. Brown is the Seattle Field Office Interim Director of the United States Citizenship and Immigration Services. To the extent any further response is required, RESPONDENTS state that paragraph six comprises Sabbaghi's characterization of this action and conclusions of law for which no admission or denial is required. Insofar as a response may be deemed necessary, RESPONDENTS deny generally and specifically the allegations of paragraph seven.

## **FACTS**

7. Answering the allegations in paragraph seven, RESPONDENTS deny generally and specifically the allegations of said paragraph.

## **EXHAUSTION**

8. Answering the allegations in paragraph eight, RESPONDENTS state that paragraph eight comprises Sabbaghi's characterization of this action and conclusions of law for which no admission or denial is required. Insofar as a response may be deemed necessary, RESPONDENTS deny generally and specifically the allegations of paragraph eight.

## **CAUSE OF ACTION**

9. Answering the allegations in paragraph nine, RESPONDENTS admit that 8 U.S.C. § 1421(c), 8 C.F.R. § 310(b) & 336.9(a)-(d) allows de novo judicial review of a final naturalization determination. To the extent any further response is required, RESPONDENTS state that paragraph nine comprises Sabbaghi's characterization of this action and conclusions of law for which no admission or denial is required. Insofar as a response may be deemed necessary, RESPONDENTS deny generally and specifically the allegations of paragraph nine.

10. Answering the allegations in paragraph ten, RESPONDENTS lack

sufficient information or knowledge to form a belief as to the truth of the matters asserted therein, and on that basis deny the remaining allegations of paragraph ten.

## PRAYER FOR RELIEF

RESPONDENTS state that the remaining portions of the First Amended Petition comprise Sabbaghi's Prayer for Relief to which no admission or denial is required. Insofar as a response may be deemed necessary, RESPONDENTS deny generally and specifically each and every allegation contained in these remaining portions of the Petition.

Moreover, RESPONDENTS deny generally and specifically each and every allegation in the Petition for Review of Final Naturalization Denial which has not been previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

Further answering Sabbaghi's First Amended Petition, as defenses thereto, Respondents allege as follows:

## FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction to hear this case under at least one of Sabbaghi's asserted grounds of jurisdiction. Fed. R. Civ. P. 12(b)(1).

**WHEREFORE**, having fully answered Sabbaghi's First Amended Petition and having alleged certain affirmative defenses, Respondents pray that Sabbaghi's First Amended Petition be dismissed with prejudice, that Sabbaghi take nothing by his complaint, and that Respondents be allowed costs and such other and further relief as the Court deems just and equitable.

DATED this 10th day of February, 2009.

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General
United States Department of Justice
Civil Division

JOSHUA E. BRAUNSTEIN
Assistant Director
Office of Immigration Litigation

 /s/ Stacey I. Young
STACEY I. YOUNG
Trial Attorney
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 305-7171
Facsimile: (202) 305-7000
Email: stacey.young@usdoj.gov
ATTORNEYS FOR DEFENDANTS

Dated: February 10, 2009

# CERTIFICATE OF SERVICE

Case No. C08-01641-PET

I hereby certify that on this 10th day of February, 2009, true and correct copies of Defendants' ANSWER TO PETITIONER'S PETITION FOR REVIEW OF FINAL NATURALIZATION DENIAL were served pursuant to the district court's ECF system to the following ECF filer:

Bart Klein, Esq.
Law Office of Bart Klein
Seattle, WA 98104

    /s/ Stacey I. Young
STACEY I. YOUNG
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044