|  |  |
|---|---|
|  | The Honorable Thomas S. Zilly |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMED SABBAGHI,<br><br>              Petitioner,<br>v.<br><br>JANET A. NAPOLITANO,[1] Secretary, Department of Homeland Security; and ROBIN OKI,[2] Seattle Field Office Director, United States Citizenship and Immigration Services<br><br>              Respondents. | No. C08-1641-PET<br><br>RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR DE NOVO REVIEW OF NATURALIZATION DENIAL, OR IN THE ALTERNATIVE, REPLY TO PETITIONER'S RESPONSE TO RESPONDENTS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

On July 23, 2009, Respondents filed a motion for summary judgment with this Court. Dkt. #16 ("Respondents' Summary Judgment Motion"). On the same day, Petitioner Mohammed Sabbaghi ("Sabbaghi") filed a document entitled "Motion for De Novo Review of Naturalization Denial."[3] Dkt. #17 ("Sabbaghi's Motion"). In it, Sabbaghi states that he "hereby moves this Court to set a de novo review/hearing of the naturalization denial." Sabbaghi's Motion at 1.

---

[1] In accordance with Fed. R. Civ. P. 25(d)(1), Janet Napolitano is hereby substituted for Michael Chertoff as a Respondent in this Case.

[2] In accordance with Fed. R. Civ. P. 25(d)(1), Robin Oki is hereby substituted for Julia Harrison as a Respondent in this Case.

[3] Sabbaghi erroneously alleges that Respondents "ambushed" him by filing their summary judgment motion and that it was "agreed that dispositive motions would not be filed . . . ." Sabbaghi's Motion at 3. Sabbaghi is correct that the parties did discuss, via email, whether Sabbaghi intended to pursue discovery or record review in the case. Dkt. #17-2l. Respondents never agreed that they would not file a summary judgment motion, which is unrelated to whether Petitioner seeks discovery or record review. Nothing in the parties' email correspondences suggests otherwise. Sabbaghi's Motion at Exhibit A, Dkt. #17-2. Moreover, no federal or local rule requires a party to announce its intention to file a motion for summary judgment. Thus, any contention that Respondents' summary judgment motion is somehow improper is unfounded.
*Respondents' Opposition to Petitioner's*
*Motion for De Novo Review, or in the Alternative,*
*Reply to Petitioner's Opposition to Respondents'*
*Motion for Summary Judgment*
C08-1641-PET

U.S. DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT SECTION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
TELEPHONE: (202) 305-7171

As a threshold matter, Sabbaghi's intentions regarding this motion are unclear.  Sabbaghi filed his motion on the day dispositive motions were due, and he noted it for consideration on the fourth Friday after filing, in accordance with Western District of Washington's Local Civil Rule 7(d)(3) addressing dispositive motions.  Sabbaghi did not caption his motion as a motion for summary judgment, however, and he failed to argue that there is no genuine issue of material fact or that he is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56(c).  For those reasons, the motion does not appear to seek summary judgment.  Although Sabbaghi responds to some of Respondents' summary judgment arguments, he did not caption his motion as a response or opposition to Respondents' motion.  Instead, the caption Sabbaghi used – "Motion for De Novo Review of Naturalization Denial" – closely resembles that of his complaint, "Petition for Review of Final Naturalization Denial."  Dkt. #1.  With respect to this apparent redundancy, Respondents move to strike Sabbaghi's motion pursuant to Western District of Washington Local Civil Rule 7(g).  If this Court decides to consider Sabbaghi's filing as a dispositive motion, Respondents' oppose such a motion; in the alternative, if this Court considers the motion as a response to Respondents' motion for summary judgment, Respondents seek to reply.

## II. ARGUMENT

Sabbaghi's claims that Respondents misstated the facts in this case and that there are still facts in dispute are unavailing.

**1. Sabbaghi Fails to Establish Specific Facts Involving his Unlawful Harassment that Present a Genuine Issue for Trial**

Sabbaghi continues to assert that the incident involving Dr. Aflatooni that resulted in the issuance of restraining orders against Sabbaghi was nothing more than a "business dispute."[4]  Sabbaghi's Motion at 4, line 24.  Sabbaghi claims that "Respondents are trying to equate a civil restraining order with a criminal offense or arrest."  Sabbaghi's Motion at 4, lines 22-23.  On the contrary, Respondents, in their motion for summary judgment, accurately characterize

---

[4] Sabbaghi's unsupported claim that an incident in which "both sides got civil restraining orders" is a "situation that happens as norm in the State of Washington involving business civil disputes" is questionable at best.  Sabbaghi's Motion at 6, lines 15-17.

Respondents' Opposition to Petitioner's
*Motion for De Novo Review, or in the Alternative,*
*Reply to Petitioner's Opposition to Respondents'*
*Motion for Summary Judgment*
C08-1641-PET                                2

U.S. DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT SECTION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
TELEPHONE: (202) 305-7171

Sabbaghi's actions, which resulted in the issuance of restraining orders, merely as "unlawful acts" in violation of 8 C.F.R. § 316.10(b)(3)(iii). Respondents' Summary Judgment Motion at 10-11. "Unlawful acts," for purposes of the pertinent regulation, do not require actions to result in criminal convictions, and Respondents never allege otherwise. Rather, unlawful acts, ask described by that regulation, must only "adversely reflect upon the applicant's moral character." 8 C.F.R. § 316.10(b)(3)(iii). Here, the Superior Court of Washington for King County found that Sabbaghi committed unlawful harassment against Dr. Alfred Aflatooni. Certified Administrative Record ("CAR") at 365-66. As a result, the Court issued Dr. Aflatooni an antiharassment protection order under RCW 10.14.08(1), reissued that order and, later, issued a full restraining order under RCW 10.14.08(4). CAR at 364-65, 374-75 379-80, 408-09. Id. These events indisputably involve "acts" that are unquestionably "unlawful," which, given how they threatened grave harm upon another person, adversely reflect on Sabbaghi's moral character.[5]

Sabbaghi's objection to certain statements included in the "Factual Background" section of Respondents' summary judgment motion – concerning the harassment issue – appears to be misplaced. Specifically, Sabbaghi denies lines 18-28 on Page 3; lines 1-10, 21-22, 24-25, and 28 on Page 4; and lines 1-10 on page 5 of Respondents' summary judgment motion. Sabbaghi's Motion at 4, lines 7-8, 15, 17, 18, 20; Sabbaghi's Motion at Exhibit B ("Exhibit B") at 3, lines 17-18, 25; 4, lines 2, 4, 12. The lines to which Sabbaghi refers, however, reflect nothing more than a recitation of answers Sabbaghi provided during his naturalization interviews.

---

[5] Sabbaghi relies to no avail on an out-of-circuit case for the proposition that a naturalization denial cannot be based on a "civil action." Sabbaghi's Motion at 6, lines 10-11 (citing Nyari v. Napolitano, 562 F.3d 916 (8th Cir. 2009). In Nyari, the United States Citizenship and Immigration Services refused to naturalize an applicant for failure to demonstrate good moral character due to the fact that his children had made a "founded sexual abuse allegation" that they later recanted. Nyari, 562 F.3d at 920-22. The Eighth Circuit, making no reference to what may constitute an "unlawful act" under 8 C.F.R. § 316.10(b)(3)(iii), held that a mere allegation of sexual abuse was insufficient to establish a lack of good moral character. Id. at 921. Here, Dr. Aflatooni did not make a mere allegation of harassment against Sabbaghi; rather, a California Superior Court found that Sabbaghi committed unlawful harassment and issued several protection orders against him. CAR at 379-81; 386-89; 408-09; 464-65. Nyari is clearly distinguishable on its facts and does not suggest that an "unlawful act" must be criminal in nature.

*Respondents' Opposition to Petitioner's*
*Motion for De Novo Review, or in the Alternative,*
*Reply to Petitioner's Opposition to Respondents'*
*Motion for Summary Judgment*
C08-1641-PET                                3

U.S. DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT SECTION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
TELEPHONE: (202) 305-7171

Respondents' Summary Judgment motion at 3-5. Each answer described is accompanied by a citation to the interview transcriptions contained in the CAR. Id. Sabbaghi does not, and indeed, cannot, allege that Respondents incorrectly cite to the CAR, nor does he claim that interview transcripts in the CAR are inaccurate. Sabbaghi's objection, therefore, clearly fails to present a factual dispute, much less a dispute involving material facts.

**2. Sabbaghi Fails to Establish Specific Facts Involving his Testimony Regarding his Business Dealings that Present a Genuine Issue for Trial**

In his motion, Sabbaghi renews his claim that he did not believe that Mohanna, LLC was a business; this assertion continues to lacks credibility. Sabbaghi again "den[ies] that Mohanna LLC was a business or that any money was generated with this LLC . . . it was a shell corporation . . . ." Sabbaghi's Motion at 5, lines 3-5; Exhibit B at 4, lines 12-14. An LLC, however, is a Limited Liability Company, which is, by definition, a business. See RCW 15.15.005(5) ("Limited liability company agreement" means "any written agreement of the members, or any written statement of the sole member, as to the affairs of a limited liability company and the conduct of its business which is binding upon the member or members.") (emphasis added). Furthermore, Washington State specifically defines LLC's as business structures. See, e.g., Washington Secretary of State, *Choosing the Structure of Your Business or Organization* (July 13, 2009), *available at* http://www.secstate.wa.gov/corps/registration_structures.aspx. Additionally, the Certificate of Formation for Mohanna, LLC, refers to it as a business. CAR at 404. The documents in the record indicate that Sabbaghi is one of two managers of the LLC, which he incorporated on June 27, 2005, and which he operates out of his house. CAR at 355. Thus, Sabbaghi cannot support his claim that he does not believe that Mohanna is a business.

**3. Sabbaghi Fails to Establish Specific Facts Involving his Oath to Uphold the Constitution that Present a Genuine Issue for Trial**

Sabbaghi also challenges Respondents' account of the oath he took during his naturalization interview; his version, however, is inconsistent with the facts on record. Sabbaghi claims that he only "slightly hesitated in responding to the question of the oath." Sabbaghi's Motion at 5; Exhibit B at 4, line 21. However, the record clearly indicates that Sabbaghi did not

*Respondents' Opposition to Petitioner's*
*Motion for De Novo Review, or in the Alternative,*
*Reply to Petitioner's Opposition to Respondents'*
*Motion for Summary Judgment*
C08-1641-PET      4

U.S. DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT SECTION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
TELEPHONE: (202) 305-7171

hesitate in answering "no" to the USCIS official's question, "If the law requires it, would you bear arms against Iran?" CAR at 223, 357; Sabbaghi DVD Part 2 at minute 4.52-5.04. Although Sabbaghi "den[ies] that [he] had to be prompted by my attorney" before responding affirmatively to a question about his willingness to fight for the United States (Sabbaghi's Motion at 5, line 25; 6, line 1), the record makes it clear that only after Sabbaghi's attorney informed him that if he answered in the negative he "can't be a citizen" did Sabbaghi change his response. CAR at 223, 357; Sabbaghi DVD Part 2 at minute 5.05-5.40. Furthermore, it is clear from the record that Sabbaghi hesitated for over 20 seconds before answering "yes" – and, even then, only after his attorney assured him that it is a standard question – to the question, "If the law requires it, would you bear arms against fellow members of your religion? CAR at 223, 357; Sabbaghi DVD Part 2 at 5.52-6.25. As the video of Sabbaghi's naturalization interview reflects, Sabbaghi's responses, both in content and in demeanor, cast serious doubt on his claim that he would be sufficiently willing to obey laws and respect the democratic process. See In re Pet. for Naturalization of Jorge Vivino Daniel Arbesu, 347 F. Supp. 1014, 1017 (E.D. La. 1972) (the question of attachment and favorable disposition requires ascertainment of the applicant's state of mind, which can be fathomed only by the credibility of what he says).

### III. CONCLUSION

Sabbaghi's motion fails to establish an issue of material fact or demonstrate why Respondents are not entitled to judgment as a matter of law. Thus, Respondents respectfully request that this Court enter summary judgment in their favor.

*Respondents' Opposition to Petitioner's*
*Motion for De Novo Review, or in the Alternative,*
*Reply to Petitioner's Opposition to Respondents'*
*Motion for Summary Judgment*
C08-1641-PET

5

U.S. DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT SECTION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
TELEPHONE: (202) 305-7171

Respectfully submitted,

TONY WEST
Assistant Attorney General
United States Department of Justice
Civil Division

J. MAX WEINTRAUB
Senior Litigation Counsel
Office of Immigration Litigation

 /s/ Stacey I. Young
STACEY I. YOUNG
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 305-7171
Facsimile: (202) 305-7000
Email: stacey.young@usdoj.gov

ATTORNEYS FOR RESPONDENTS

Dated: August 10, 2009

*Respondents' Opposition to Petitioner's*
*Motion for De Novo Review, or in the Alternative,*
*Reply to Petitioner's Opposition to Respondents'*
*Motion for Summary Judgment*
C08-1641-PET                              6

U.S. DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT SECTION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
TELEPHONE: (202) 305-7171

# CERTIFICATE OF SERVICE

Case No. C08-01641-PET

I hereby certify that on this 10th day of August, 2009, true and correct copies of RESPONDENTS' OPPOSITION PETITIONE were served pursuant to the district court's ECF system to the following ECF filer:

> Bart Klein, Esq.
> Law Office of Bart Klein
> Seattle, WA 98104

       /s/ Stacey I. Young
STACEY I. YOUNG
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Respondents' Opposition to Petitioner's*
*Motion for De Novo Review, or in the Alternative,*
*Reply to Petitioner's Opposition to Respondents'*
*Motion for Summary Judgment*
C08-1641-PET                    7

U.S. DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION LITIGATION
DISTRICT COURT SECTION
P.O. BOX 868, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
TELEPHONE: (202) 305-7171